BEFORE THE FIRST DIVISION. JANUARY 12, 1959

**No. 62666.**—Manca, Inc. *v.* United States, protest 314073–K (New York).

OLIVER, Chief Judge:   This protest is before us for decision on the following stipulation:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the Plaintiff and the Assistant Attorney General for the United States, that the merchandise on the invoice covered by the above protest, assessed with duty at 45% ad valorem under paragraph 228 of the Tariff Act of 1930 [as modified], was entered into warehouse as complete microscopes; that on September 15, 1955, application was made on customs form #3499 to manipulate and repack the merchandise; that the application was granted and the merchandise was repacked as described on said customs form #3499 under Customs supervision on or before November 1, 1955; and that the merchandise was withdrawn for consumption under a single withdrawal dated March 15, 1956.

IT IS FURTHER STIPULATED AND AGREED that the entry papers and invoice relating to warehouse entry #68867 of June 22, 1955, be accepted into evidence as Plaintiff's Exhibit 1.

IT IS FURTHER STIPULATED AND AGREED that the protest be submitted on this stipulation.

Customs Form 3499, referred to in the foregoing stipulation of submission, shows that all of the imported microscopes were dismantled and the individual items comprising each were repacked in a new case. Plaintiff's authority for the procedure is embodied within the provisions of section 562 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, which, so far as pertinent, reads as follows:

Unless by special authority of the Secretary of the Treasury, no merchandise shall be withdrawn from bonded warehouse in less quantity than an entire bale, cask, box, or other package; or, if in bulk, in the entire quantity imported or in a quantity not less than one ton weight. * * * *Provided,* That upon permission therefor being granted by the Secretary of the Treasury, and under customs supervision, at the expense of the proprietor, merchandise may be cleaned, sorted, repacked, or otherwise changed in condition, but not manufactured, in bonded warehouses established for that purpose and be withdrawn therefrom for * * * consumption, upon payment of the duties accruing thereon, in its condition and quantity, and at its weight, at the time of withdrawal from warehouse, with such additions to or deductions from the final appraised value as may be necessary by reason of change in conditions.

Customs regulations, issued pursuant to the foregoing statutory provisions and so far as they relate to the issue presented herein, read as follows:

**19.11** [Customs Regulations of 1943] **Manipulation in bonded warehouses and elsewhere.**—(*a*) So far as applicable, the general provisions of the regulations governing warehouses bonded for the storage of imported merchandise shall apply to bonded manipulation warehouses and to other designated places of manipulation.

\* \* \* \* \* \* \*

(*d*) The application to manipulate, which shall be filed in duplicate on customs Form 3499 with the collector having jurisdiction of the warehouse or other designated place of manipulation, shall describe the contemplated manipulation in sufficient detail to enable the collector to determine whether the imported merchandise is to be cleaned, sorted, repacked, or otherwise changed in condition, but not manufactured, within the meaning of section 562, Tariff Act of 1930, as amended. If the collector is satisfied that the merchandise is to be so manipulated, he may issue a permit on customs Form 3499, making any necessary modification in such form. Manipulation resulting in a change in condition of the merchandise, which will make it subject to a lower rate of duty or free of duty upon withdrawal for consumption, is not precluded by the provisions of such section 562; but *if the manipulation produces two or more parts of an article constituting an entirety, the parts shall not be classified separately if all the parts constituting the entirety are withdrawn for consumption under a single withdrawal.* [Italics supplied.]

The italicized provision of the above-quoted article of customs regulations, upon which the collector's action herein was based, was held to be invalid in our decision in *M. H. Garvey Co.* v. *United States,* 35 Cust. Ct. 81, C.D. 1726, because, in seeking to fix a classification as entireties on manipulated merchandise when it is "withdrawn for consumption under a single withdrawal," the said provision had the effect of imposing a limitation on the statute which was not applied by Congress.

Under the stipulated facts, the cited decision has equal force and effect in this case. Accordingly, we overrule the action of the collector and hold the items in question to be properly classifiable under the provision for "Frames and mountings for microscopes, parts of microscopes, and parts of frames and mountings for microscopes," not specially provided for, in paragraph 228(b) of the Tariff

Act of 1930, as modified by T.D. 53865, supplemented by T.D. 53877, carrying a dutiable rate of 30 per centum ad valorem, as claimed by plaintiff.

The protest is sustained and judgment will be rendered accordingly.